### In re ANSON, INC., Debtor in Possession.

### Bankruptcy No. 8200746.

United States Bankruptcy Court, D. Rhode Island.

Nov. 10, 1983.

Allan Shine, Winograd, Shine & Zacks, Providence, R.I., for debtor in possession.

Richard Mittleman, Zietz, Mittleman & Webster, Providence, R.I., for creditor's committee.

James Cregan, Ernst & Whinney, Providence, R.I., accountant for debtor in possession.

## AMENDED DECISION AND ORDER ON APPLICATION FOR COMPENSATION BY ACCOUNTANT FOR THE DEBTOR IN POSSESSION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On September 19, 1983, this Court entered an order and decision allowing $36,000 to Ernst & Whinney for accounting services performed for the debtor in possession. The Court noted in the September 19 order that it was only after "considerable prod-ding" that Ernst & Whinney provided documentation in support of its application. The Court has continued to seek clarification regarding expenses claimed by Ernst & Whinney. The detail necessary for an accurate examination of claimed expenses was not received until after the entry of the September 19 order.[1] For that reason, this amended order alters the original award, based upon the belated submission of the long-sought information.

Ernst & Whinney's various applications for fees in this case totalled $39,699, which included $1027 in unspecified "cash expenses." The award of $36,000 was based upon our erroneous assumption that the cash expenses were the type for which reimbursement is proper. The Court has subsequently learned, however, based on a letter sent by the applicant to this Court on September 26, 1983, that "[i]n computing . . . out-of-pocket expenses," Ernst & Whinney uses "an average of 45 cents per chargeable hour for stationery and office supplies, 11 cents for postage and 42 cents for telephone, for a total of 98 cents per chargeable hour." I consider these charges, which total $672 in this case, to be part of the routine cost of operating overhead, not properly chargeable to this estate, and they are disallowed. Similarly, mileage charges of $114 for 60 short trips are disallowed. The "summary of certain out-of-pocket expenses" belatedly and reluctantly provided by Mr. Cregan totals $936. The discrepancy between this figure and the $1027 for unspecified "cash expenses" included in the three applications by Ernst & Whinney remains unexplained.[2]

The one item on the applicant's September 26 list of out-of-pocket expenses which

---

1. On September 19, 1983, a decision and order were entered allowing fees for the attorney for the Creditors' Committee and the attorney for the debtor in possession. Those applications clearly distinguished between fees and expenses, and orders were subsequently entered allowing expenses to those applicants. In contrast, the applications of Mr. Cregan of Ernst & Whinney included both fees and expenses in requests totalling $39,699. Accordingly, the award to Ernst & Whinney included compensation for expenses.

2. Ernst & Whinney's "summary of certain out-of-pocket expenses" totals $1170, from which 20% was deducted in arriving at the figure of $936 which was submitted to the Court. In contrast, Ernst & Whinney's three applications included a total of $1287 in unspecified "cash expenses" before the 20% deduction, and $1027 after said deduction. Neither of these totals in the applications corresponds with either of the totals in the "summary of certain out-of-pocket expenses."

is allowed is $150 for an "[o]utside computer charge in connection with [Ernst & Whinney's] audit of Anson's inventory."

Had Mr. Cregan's application been more straightforward, the September 19 award would not have required this adjustment, because we would have known then that he was seeking payment for expenses which are not proper charges against this estate. The purpose of this amended order is to adjust the award to Ernst & Whinney to reflect the fees and expenses that would have been awarded on September 19, had we then been in possession of the information which has finally been extracted from Mr. Cregan.

Accordingly, the September 19, 1983 order is amended as follows: The previous award of $36,000 is adjusted to reflect the disallowance of unspecified, built-in expenses of $672 for stationery, office supplies, postage, and telephone use; and $114 for mileage. The revised award is $35,214, and includes fees and all allowable expenses.